UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHANIE THOMAS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1574** |
| **PERRY PACE, ET AL.** | **SECTION "B" (4)** |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 8). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is **DENIED.**

*BACKGROUND*

On December 23, 2006, Plaintiffs, Stephanie Thomas, Sierra Summers, and Tasha Williams, were driving along St. Claude Avenue near Elysian Fields when Perry Pace changed lanes and struck Plaintiffs' vehicle. The impact of the crash knocked Plaintiffs' vehicle over the median, where it subsequently struck a light pole and caused the alleged injuries to Plaintiffs.

October 25, 2007, Plaintiffs commenced a civil action in Orleans Parish Civil District Court against Perry Pace, Debbie Tittle, and Bristol West Insurance Company asserting claims arising from the automobile accident. On February 29, 2008, Plaintiffs joined Defendant Southern County Mutual Insurance Company in the action. March 20, 2008, Plaintiffs dismissed their claims with

1

prejudice against all parties other than the newly joined Defendant.

Defendant is a Texas Corporation, with its principle place of business taking place in Texas. Defendant provided Plaintiff, Stephanie Thomas, with underinsured/uninsured coverage. Plaintiffs allege that Perry Pace was underinsured so as to adequately compensate them for their injuries sustained as a result of the original Defendants. Thus, Plaintiffs aver that they are entitled to recover damages against Defendant.

April 9, 2008, Defendant in its Notice of Removal alleged removal was proper pursuant to 28 U.S.C § 1441, *et seq*., claiming that this court has original jurisdiction pursuant to 28 U.S.C. § 1332 ("Section 1332"). Defendants in their removal claimed that (I) Plaintiffs are citizens of Louisiana; (II) Defendant is a citizen of Texas, as both it has its principle place of business and is incorporated there; and (III) the amount in controversy is more than $75,000, exclusive of costs and interest. Plaintiff filed this Motion to Remand on April 18, 2008.

Plaintiffs request that this court remand this case back to Orleans Parish CDC as federal jurisdiction is improper for want of diversity jurisdiction per 28 U.S.C. 1332(c)(1). Plaintiffs' contend that federal jurisdiction is improper for want of amount in controversy as Plaintiffs have allegedly stipulated that the damages in the case do not exceed the minimum of $75,000 exclusive

of interests and costs.  Plaintiffs contend this point alone is dispositive on the issue of jurisdiction.  To evidence the stipulation, Plaintiffs ask the court to "*see* Exhibit A."[1]

Plaintiffs' second argument urges the Court that the parties are non-diverse as required by 28 U.S.C. § 1332.  Plaintiffs contend that Defendant is a citizen of Louisiana because pursuant to Section 1332(c)(1) Defendant shall be deemed a citizen of the state of which the insured is a citizen in any direct action against the insurer of a policy or contract of liability insurance. Plaintiffs aver that their claims against Defendant are the exact type of direct action claims against a liability insurer which Section 1332(c)(1) speaks to.  Plaintiffs argue this point by citing *Hernandez v. Travelers Ins. Co.*, which establishes the definition of liability insurance as "that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, or in a broader sense, against loss or liability on account of injuries to property."  489 F.2d 721, 722-23 (5th Cir. 1974)(internal citations omitted).  Plaintiffs contend that the policy issued to them by Defendant fits neatly into this definition because the policy

---

[1] Plaintiff has not attached the exhibit to the Motion to Remand, nor can the author establish another document in the record to which petitioner refers the court to observe. Moreover, plaintiff does not add any additional argument in their Memorandum in Support of their Motion to Remand for this particular issue.

insures Plaintiff from damage and loss related to their person and/or property.  Plaintiff further contends that this circuit does not limit "liability insurance" to automobile liability insurance. Plaintiffs' final argument is that Congress's intent in amending Section 1332 to include subsection (c)(1) was to relieve Louisiana's overburdened federal docket. *Hernandez*, 489 F.2d at 723.  Thus, these same concerns must apply to the instant case because of the heavy burden on the current docket.

Plaintiff argues that its above arguments establish that the instant matter falls within the category of direct action against a liability insurance provider as envisioned by Section 1332(c)(1). Therefore, Plaintiffs contend the court should remand the case back to state court for further proceedings.

Defendant contends that this matter has been properly removed pursuant to 28 U.S.C. § 1441 because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as the amount exceeds $75,000 and all parties are diverse.[2]  Defendant contends that Plaintiffs are incorrect in their argument that the current action is a direct action against a liability insurer as they provide plaintiffs with uninsured/underinsured motorist coverage,[3] which they contend is not a policy or contract of liability insurance per

---

[2] Defendant does not address Plaintiff's argument that the plaintiff has stipulated the amount in controversy.

[3] See Docket Item 4 – List of Parties and Pleadings, Attachment No. 1, Supplemental and Amending Petition.

28 U.S.C. § 1332(c)(1).  Defendant notes that the very case cited by Plaintiff in support of their argument does not apply in the context of UM/UIM claims, and, moreover, the Fifth Circuit in *Hernandez* actually notes the opposite point to which to the Plaintiff is arguing – *i.e.* that uninsured motorist policies are not "liability insurance".  489 F.2d at 721, 724-25.  Defendant contends that *Hernandez's* interpretation of 28 U.S.C. § 1332 is still good law in the Fifth Circuit and in support of this contention cites *Gonzales v. GEICO*, 2000 WL 235236 (E.D. La. 2000) and *Mopsik v. Hartford*, 2004 WL 180319 (E.D. La. 2004).  Based on these arguments, Defendant contends the Plaintiffs' Motion to Remand should be denied.

### *DISCUSSION*

Removal of a case from a state court is proper when district courts have original jurisdiction over the case.  28 U.S.C. § 1441(a).  The current claim does not arise under the Constitution, treaties or laws of the United States, thus the elements of diversity jurisdiction must be satisfied.  Diversity jurisdiction requires that the parties be citizens of different states and the amount in controversy be over $75,000 exclusive of interests and costs.  28 U.S.C. § 1441(a).

The current controversy first turns on the 1964 amendment to the diversity of citizenship jurisdictional statute.  Congress amended 28 U.S.C. § 1332 primarily to relieve the overburdened

dockets in Louisiana and Wisconsin. *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974). The 1964 amendment is now embodied as 28 U.S.C. § 1332(c)(1) which provides:

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance**, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, **such insurer shall be deemed a citizen of the State of which the insured is a citizen**, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (emphasis added).

The Fifth Circuit in *Hernandez* established the definition of "liability insurance" as "that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, or in a broader sense, against loss or liability on account of injuries to property." 489 F.2d at 722-23 (internal citations omitted). Based on this definition, the court in *Hernandez* held that a worker's compensation policy is a "policy or contract of liability insurance." *Id*. at 723. (*citing Vines v. United States Fidelity & Guaranty Co.*, 267 F. Supp. 436, 438-39 (E.D. Tenn. 1967). Nonetheless – in contrast to worker's compensation policies – courts in the Fifth Circuit have consistently found that an uninsured/underinsured insurance policy is not a policy or contract of liability insurance. *See Id*. at 725; *Gonzalez v. Government Employees Ins. Group*, 2000 WL 235236 at *2 (E.D. La. 2002); *Mopsik v. Hartford Ins. Co.*, 2004 WL 180319

(E.D. La. 2004); *Shief v. Tenet Healthsystem Hospital Inc.*, 1998 WL 849308, at *3 (E.D. La. 1998); *Barton v. Allstate Ins. Co.*, 729 F. Supp. 56, 57 (W.D. Tex.1990). The fifth circuit has come to this conclusion because underinsured/uninsured motorist coverage policies cover situations where the liable party is underinsured or uninsured. *Gonzalez*, 2000 WL 235236 at *3. Moreover, these policies do not indemnify the insured against the condition of becoming liable. *Hernandez,* 489 F.2d at 723. Here, Defendant is clearly providing Plaintiff with underinsured motorist coverage. (See Rec. Doc. 4, attachment 1). Apart from Plaintiffs insistence to the contrary, nothing in the record indicates that Defendant is providing any type of "liability insurance" to Plaintiff for the damages alleged. Thus, Defendant will not be deemed a citizen of Louisiana per § 1332.

As removal is only proper if both elements of diversity jurisdiction are satisfied, it will also be necessary to establish if the amount in controversy is over $75,000 exclusive of costs and interests. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Because Louisiana courts do not allow specific allegations from Plaintiffs demanding a specific dollar amount of damages, the Fifth Circuit has modified the normal rule for determining if the amount in controversy is met. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (*citing* LA. CODE CIV. PROC. ANN. art. 893(A)(1)). A party seeking removal may

establish their burden in two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount'." *Id*. (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409, 1412 (5th Cir.1995)).

Normally for a Plaintiff to defeat removal it must have in their pre-removal state court pleadings affirmatively renounced the right to accept a judgment in excess $75,000. *Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, *3 (E.D. La.2006). Post-removal affidavits will be considered by the court only if the original amount in controversy is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). However, if it is facially apparent that the amount in controversy is above $75,000 at the time of removal, then any post-removal stipulations will not deprive the court of jurisdiction. *Id*. Courts in determining if it is "facially apparent" that the amount in controversy exceeds $75,000, examine the state court petition for the number and types of claims alleged by the Plaintiff. *See Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x. 226 (5th Cir. 2002). If the court determines that the amount is not "facially apparent" then summary-judgment-type evidence is necessary to prove the amount. *Id*. at p.1.

In the instant case, Defendant in its Notice of Removal argues that it is facially apparent that the amount in controversy has the potential to exceed $75,000. Defendant does not include any supporting arguments for this contention. In reviewing the Plaintiff's Supplemental and Amended Petition, it seems facially apparent that the damages could well exceed $75,000. Plaintiffs ask for numerous damages including (a) past, present, and future medical expenses, (b) past, present, and future mental pain and suffering, (c) past, present, and future physical pain and suffering, (d) past, present, and future loss of wages and earning capacity, and (e) residual liability. In addition to these general damage claims, Plaintiffs also allege claims of bad faith and failure to pay Plaintiffs' claims. The bad faith allegation would add, in addition to general and special damages, an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. The failure to pay claim adds, in addition to other damages, fifty percent damages on the amount found to be due from Defendant to petitioners, or $1000, whichever is higher, together with attorney's fees. It is clear from the Plaintiffs' pre-removal petition, that they are not in any way limiting the amount of damages they could potentially receive to a sum under the $75,000 threshold. In taking into account the types of damages Plaintiffs are seeking, combined with their allegations of failure to pay and bad faith claim, it is facially apparent that the amount

in controversy may exceed $75,000.  Additionally, Plaintiffs have not made any clear attempt in their pre-removal pleadings to renounce the availability of a judgment in excess of the federal minimum.   Diversity is also established here, as it is clear in this circuit that underinsured motorist policies are not considered "liability insurance," thus Defendant would not be deemed a citizen of Louisiana and all parties would be diverse.   Therefore, Plaintiffs' Motion to Remand is **DENIED.**

New Orleans, Louisiana, this 25th day of August, 2008.

*[signature]*

IVAN L. R. LEMELLE

UNITED STATES DISTRICT JUDGE